UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: SUPERTRAIL MANUFACTURING CO., INC.
      DEBTOR                                               CASE NO. 96-20040

CAL-BAY INTERNATIONAL, INC.                            PLAINTIFF

VERSUS                                                        ADV. PROC. NO. 06-1081

SUPERTRAIL MANUFACTURING CO., INC. and
MUSTAFA ATAC                                      DEFENDANTS

OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, Mustafa Atac ("Atac"); a response thereto having been filed by the plaintiff, Cal-Bay International, Inc., ("Cal-Bay"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §152(b)(2)(A), (B), and (O).

II.

PROCEDURAL BACKGROUND AND THE
APPLICABILITY OF COLLATERAL ESTOPPEL

Prior to a sale, authorized earlier in this bankruptcy case, the debtor, Supertrail Manufacturing Co., Inc., ("Supertrail"), owned certain real property located in Palm Beach County, Florida. Through a series of assignments, Kristol Management and Investment, Inc.,

Dockets.Justia.com

("KMI") became the holder of a mortgage encumbering this property that was originally executed by Gap Estates, Inc., in favor of Republic Service Corporation, dated March 28, 1986, and recorded at Book 4849, page 1579 in the public records of Palm Beach County, Florida.

A brief history of the aforesaid mortgage is set forth as follows, to-wit: The mortgage had been previously assigned to Sandia Federal Savings Association, Albuquerque, New Mexico, which was taken over in receivership by the Resolution Trust Company, ("RTC"). RTC, as the assignee of Sandia Federal Savings Association, foreclosed the mortgage and obtained a judgment against Gap Estates, Inc., and Thomas S. Waldron, who had personally guaranteed the Gap Estates indebtedness. KMI was thereafter established, and, after negotiations with RTC, purchased the mortgage and the related judgment from RTC for $600,000.00.

On August 12, 1994, KMI, by its president and director, Deborah L. Dougherty ("Dougherty"), assigned the mortgage to Dr. Atac by executing an "assignment of mortgage." This document was recorded in the public records of Palm Beach County on or about February 28, 1995. On July 10, 1995, KMI, by its purported chairman of the board, A. Paul Schwenke ("Schwenke"), prepared and recorded in the public records of Palm Beach County a "notice of invalid assignment of mortgage." In this notice, Schwenke stated that KMI's prior assignment to Dr. Atac was "void, invalid...and a fraud," as well as, that Dougherty had executed the assignment after she had been terminated as KMI's president and director.

On January 8, 1996, KMI, through Schwenke, filed a complaint against Dougherty in the Third Judicial District Court of Salt Lake County, Utah, (Utah court), Civil No. 960900196 CV, seeking to invalidate the assignment to Dr. Atac. On March 28, 1996, the Utah court entered a default judgment against Dougherty declaring KMI's assignment to Dr. Atac to be "null and

void" and awarding damages. The default judgment indicated, among other things, that it was obtained by default after service by publication. The default judgment was recorded in the public records of Palm Beach County on April 4, 1996.

On April 12, 1996, Dougherty filed a motion to set aside the entry of default and the default judgment. This motion set forth the following reasons:

(a) the notice published by KMI did not comply with the state court's order,

(b) the summons that KMI published did not comply with Utah Rule of Civil Procedure 4(c)(3),

(c) Dougherty had the absolute right to an order setting aside the default judgment under Utah Rule of Civil Procedure 60(b)(4),

(d) KMI did not meet minimum requirements of due process because it failed to mail the summons and complaint to Dougherty at her last known address,

(e) the principals of KMI were improperly using the complaint and default judgment to adversely affect known rights of third parties who were not named in the action,

(f) Dougherty had meritorious defenses to KMI's claims.

On June 5, 1996, (while Dougherty's motion was pending), Schwenke, purportedly acting for KMI, executed an "assignment of mortgage" to Ararat, LLC. This document was recorded in the public records of Palm Beach County on June 10, 1996. At this time, according to the Findings of Fact and Conclusions of Law, entered in the Utah court, Schwenke had been disbarred by the Utah State Bar from the practice of law. See, In re Schwenke, 865 P.2d 1350 (Utah 1993).

On September 4, 1996, following a hearing on Dougherty's motion to set aside, the Utah court entered an "Order Vacating and Setting Aside Judgment." The trial of KMI's lawsuit against Dougherty took place in Utah on January 16 - 17, 2001. After KMI completed the

presentation of its evidence, the court granted Dougherty's motion for an involuntary dismissal under Utah Rule of Civil Procedure 41(b). On October 22, 2001, the court issued the aforementioned Findings of Fact and Conclusions of Law and entered a judgment dismissing KMI's claims with prejudice. The court specifically found that "Dougherty's actions on behalf of KMI in executing and delivering the assignments to Dr. Atac were authorized, proper and legitimate in every respect." A certified copy of the Findings of Fact and Conclusions of Law, as well as, the related judgment were recorded in the public records of Palm Beach County on December 12, 2001.

In September, 2005, Ararat, LLC, purported to assign the mortgage to Cal-Bay, which recorded its "assignment of mortgage" on October 3, 2005.

Dr. Atac's motion for summary judgment is based on the theory of collateral estoppel which essentially provides as follows: "[W]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." RecoverEdge, L.P. v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995) (Quoting Ashe v. Swensen, 397 U.S. 436, 443, 90 S. Ct. 1189, 1194, 25 L.Ed. 2d 469 (1970)).

The Fifth Circuit has held that for collateral estoppel to apply, the following three requirements must be met, to-wit:

(1) The issue to be precluded must be identical to that involved in the prior action;
(2) In the prior action, the issue must have been actually litigated; and
(3) The determination made of the issue in the prior action must have been necessary to the resulting judgment.

Matter of Davis, 3 F.3d 113, 114 (5th Cir. 1993) (citing In re Shuler, 722 F.3d 1253, 1256, n.2 (5th Cir. 1984).

This court is of the opinion that preclusive effect should be given to the determinations made by the Utah court, as well as, a previous decision rendered by this court.

III.

## THE UTAH STATE COURT JUDGMENT

As stated previously, KMI's lawsuit against Dougherty, which had been initiated by Schwenke, took place in Utah on January 16 - 17, 2001. KMI's complaint alleged that Dougherty had conspired with Thomas Waldron "to defraud plaintiff (KMI) of the Final Judgment and Mortgage." The complaint contained the following assertions:

> On or about February 26, 1995, Dougherty executed two assignment documents, one assigning the final judgment and another assigning the mortgage to a Mustafa Atac of the nation of Turkey. Dougherty induced a notary public and friend from Park City, Utah, to notarize the fraudulent assignments and back date the documents to August, 1994, when Dougherty was the sole incorporator, sole director, and sole officer of the plaintiff. Dougherty was paid $10,000.00 for this alleged unlawful act. A co-conspirator and wife of Thomas S. Waldron, Judy Circo, paid Dougherty the $10,000.00 and took the fraudulent documents to Florida where they were recorded on February 28, 1995, in Palm Beach County, Florida. Plaintiff received no consideration whatsoever for the alleged conveyance. Dougherty as a former officer and director of plaintiff was without authority to act on behalf of plaintiff in any capacity in February, 1995.

The complaint also asked for a declaratory judgment to the effect that the assignments were fraudulent and invalid under Utah Code §16-10a-1202 (which requires shareholder consent for transfers of all or substantially all of a corporation's assets). Schwenke alleged that he was the sole shareholder of KMI, and that he did not consent to the assignments to Dr. Atac.

Honorable Timothy R. Hansen, the presiding judge in the Utah state court cause of action stated in his Findings of Fact and Conclusions of Law that "the court concludes that Dougherty's actions on behalf of KMI in executing and delivering the assignments were <u>authorized, proper and legitimate in every respect</u>." (emphasis added). He found that Schwenke was not a

5

shareholder of KMI because KMI did not issue any stock, and that Schwenke had made no capital contribution to KMI. He further held that Schwenke could not assert any equitable or beneficial interest in KMI or the subject mortgage and judgment.

In the opinion of this court, from analyzing the Utah court's findings and conclusions, Schwenke had no legal justification whatsoever to execute any of the documents on behalf of KMI. He apparently perpetrated a substantial fraud against Ararat, LLC, the party from whom Cal-Bay derives its asserted interest in the mortgage.

The court will analyze the three requirements for the application of collateral estoppel as set forth in Matter of Davis, supra. The issue raised by Cal-Bay in this adversary proceeding is identical to that involved in the Utah court action. Cal-Bay in its complaint in paragraph 9 states that "Kristol Management and Investment, Inc., thereafter purportedly assigned the aforesaid mortgage to the defendant, MUSTAFA ATAC, by assignment recorded in Palm Beach County, Florida Official Records Book 8638 at page 270." Paragraph 10 of Cal-Bay's complaint states, "The above assignment of the mortgage against the subject lands to the Defendant, MUSTAFA ATAC, was thereafter nullified by the assignor, Kristol Management and Investment, Inc., by filing a Notice of Invalid Assignment of Mortgage (Palm Beach County, Florida Official Records Book 8823 at page 133)." As noted earlier, the issue as to the validity of the KMI assignment to Dr. Atac was clearly decided by the Utah court which held it was valid in every respect. Significantly, the Utah court found that Schwenke was not a shareholder of KMI and that he could not assert any equitable or beneficial interest in KMI or the subject mortgage and judgment. Therefore, Schwenke had no authority to execute a notice of invalid assignment or the subsequent assignment to Ararat, LLC, on behalf of KMI. Indeed, at the time, KMI had nothing

to assign to Ararat, LLC, since the mortgage and judgment had already been assigned to Dr. Atac. This issue was fully and fairly litigated in the Utah court as evidenced by the two day trial that was conducted. The determinations made of the issues in that prior action were necessary and essential to the resulting judgment.

IV.

THE PRIOR BANKRUPTCY COURT ADJUDICATION

This court would also point out that it conducted a hearing on October 18, 1996, on a motion filed by Supertrail to sell property free and clear of liens. A portion of the property which was to be sold pursuant to the motion was encumbered by the identical mortgage which is the subject matter of the adversary proceeding currently under consideration. A determination of the ownership of the mortgage was an essential issue in resolving the motion to sell free and clear of liens. Much like the Utah state court proceeding, Atac and Supertrail challenged the purported claim of KMI to the mortgage. KMI was appropriately noticed by mail to its corporate offices, as well as, to its attorney, who had previously entered an appearance on behalf of KMI concerning this issue. Neither appeared to challenge the allegations in the motion to sell free and clear of liens, nor did KMI file a formal objection. Testimony was presented by Ms. Noreen Wilson concerning the history of the assignments of the subject mortgage and judgment, as well as, the formation of KMI to acquire both from RTC. Ms. Wilson's testimony substantiated that the mortgage and judgment were properly owned by Dr. Atac.

Following a consideration of the evidence presented, this court made the following conclusions: (1) the mortgage, formerly held by Sandia Federal Savings and Loan Association, had been acquired and sold by RTC to KMI, and, thereafter, had been assigned to Dr. Atac;

(2) KMI had no current interest in the judgment or the related mortgage; (3) the funds that were initially expended to acquire the judgment and mortgage from RTC were those of persons that were not connected to Paul Schwenke; and (4) the judgment and mortgage were appropriately vested in Dr. Atac.

V.

SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Phillips v. OKC Corp., 812 F.2d 265 (5th Cir. 1987); Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

VI.

## CONCLUSION

Two courts have previously determined that the assignments of the mortgage and the judgment to Dr. Atac by Dougherty, acting on behalf of KMI, were proper. Cal-Bay is now collaterally estopped from further litigating this issue.

Based on the foregoing analysis, the court finds that there are no genuine issues of material fact remaining in dispute in this adversary proceeding. Dr. Atac is entitled to a judgment as a matter of law.

A separate order will be entered consistent with this opinion.

This the 5th day of January, 2007.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE